20 P.3d 818 (2001)
2001 OK 24
Cleveland KINZY, for himself and as a member of a class of Oklahoma firefighters, Plaintiff/Appellee,
v.
STATE of Oklahoma, ex rel., OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Defendant/Appellant.
No. 92,538.
Supreme Court of Oklahoma.
March 13, 2001.
Marc Edwards of Phillips McFall, McCaffrey, McVay & Murrah, Oklahoma City, OK, for appellant.
Stephen G. Solomon and Gary Levine of Derryberry, Quigley, Parrish, Solomon & Blankenship, Oklahoma City, OK, for appellee.
*820 LAVENDER, J.
¶ 1 Today's cause requires resolution of two issues: (1) identification of the limitation period which governs appellee's [Kinzy Class or firefighters] claim against Oklahoma Firefighters Pension and Retirement System [System] and (2) determination of when the Kinzy Class' claim accrued so as to initiate the running of the applicable limitation period. The Court's earlier opinion in Baker v. Oklahoma Firefighters Pension and Retirement System, 1986 OK 8, 718 P.2d 348, holds that the terms of Title 11, Art. 49 Okla.Stat. create a contract between System and those firefighters whose rights in the pension system have vested. Hence, the limitation period governing the Kinzy Class' claim is the five-year period applicable to claims based upon written agreements.[1] The limitation period was initiated when appellee was first informed that System was not going to pay the Kinzy Class members cost-of-living-adjusted retirement benefits for periods before December 1, 1987. The common-law rule which requires a trustee to repudiate the trust in order to trigger the running of the limitation period is not applicable to actions for breach of trust against System, a public trust. Appellee's claim is time-barred.

I

FACTS AND PROCEDURAL HISTORY
¶ 2 On behalf of like-situated firefighters Kinzy brought suit to recover pension benefits payable under the provisions of 11 O.S. 1981 § 49-136 for the period May 26, 1983 to December 1, 1987. In 1981 the Legislature *821 created a centralized State pension system for municipal firefighters.[2] When municipal firefighter-pension programs were first consolidated, state law authorized automatic cost-of-living adjustments [COLA] to firefighters' pension benefits.[3] The Legislature repealed the statutory COLA's effective May 26, 1983.[4]
¶ 3 Afterwards, in federal litigation several firefighters [and policemen] questioned the constitutionality of the COLA's repeal, asserting that it infringed upon vested "contractual" rights.[5] To resolve the federal suit the U.S. District Court submitted a certified question to the Oklahoma Supreme Court about the repeal's legal efficacy. In response the Court held that the repeal of 11 O.S.1981 § 49-136 was unconstitutional insofar as it affected the rights of firefighters and policemen who held vested contractual rights to pension benefits on or before May 26, 1983  i.e., had met the eligibility requirements for receipt of pension benefits.[6] The federal district court in its December 7, 1987 order (a) declared the repeal of § 49-136 invalid as to vested members of the System and (b) ordered that firefighters whose pension rights had vested as of May 26, 1983 be paid prospectively  i.e., from the date of the federal court's order  the higher of (1) COLA-adjusted pension benefits or (2) retirement benefits enhanced by statutory pension increases enacted after § 49-136's repeal.[7] The U.S. District Court ruled that retirees could not receive both COLA-adjusted and statutorily-enhanced benefits.
¶ 4 In light of the federal Baker judgment System recalculated (under the terms of § 49-136) the COLA-adjusted pension benefits due the Kinzy Class members. In its computation of the § 49-136 benefit-adjustments System did not include any payment for the period May 26, 1983 to December 1, 1987. The firefighters were informed of this decision by document, titled "Pension Adjustment Based on Escalator Law Suit." System mailed notices to each Kinzy Class member during May 1988 and specifically advised them as follows: "The adjustment in your pension check shall be made retroactive to December 1, 1987." [Emphasis added.]
¶ 5 The issue of plaintiffs' entitlement to COLA benefits for the period May 26, 1983 to December 7, 1987 was not reached by the federal district court in its Baker judgment. The U.S. District Court  in a manner consistent with the limitations on its jurisdiction impressed by U.S. Const. amend. XI  accorded its judgment prospective application only.[8] Hence, on April 26, 1995 Kinzy  on behalf of himself and similarly-situated retired firefighters  sought recovery of those pension benefits due under the terms of § 49-136 for the period May 26, 1983 to *822 December 1, 1987. The Kinzy Class' claim is advanced under two alternate theories of liability: (1) breach of contract and (2) breach of fiduciary duty.
¶ 6 At trial System, among other defenses, asserted that the Kinzy Class' claim was time-barred since the suit was brought more than five years after plaintiffs had received notice that System was not paying COLA-adjusted retirement benefits for periods earlier than December 1, 1987. The trial court ruled (a) that the Kinzy Class' claim was governed by the statute of limitations for suits premised upon breach of trust and (b) that the statute would not begin to run against the Kinzy Class' claim until System repudiated the trust.[9] As no repudiation was found to have occurred, plaintiffs were allowed to press their claim.
¶ 7 Judgment was entered for the Kinzy Class. The trial court found that "escalator benefits" for the period in issue plus pre- and post-judgment interest were due and owing to the appellee. System appealed.

II

THE KINZY CLASS' CLAIM AGAINST SYSTEM IS CONTRACTUAL IN NATURE AND ACCRUED WHEN THE KINZY CLASS MEMBERS ACQUIRED NOTICE THEY WOULD NOT RECEIVE BENEFITS FOR PERIODS EARLIER THAN DECEMBER 1, 1987
¶ 8 All litigants in their appellate paperwork acknowledge the contractual nature of their relationship. Firefighters claim that because of the fiduciary nature of the relationship between themselves and System the common-law rule of repudiation is invocable to toll the applicable statute of limitation. This rule qualifies accrual of a breach-of-trust action upon a trustee's repudiation of the trust.
¶ 9 Legally characterizing the relationship between System and firefighters as trust-like [because the Pension and Firefighter Pension Board (Board) holds legal title to, and retired firefighters are vested with, a beneficial interest in the pension funds] does nothing to undermine the contractual nature of the parties' legal relationship nor does it resolve the cause before the Court. Rather resolution of today's case lies in determining when the Kinzy Class' claim accrued, i.e., when the applicable statute of limitation was triggered. The trial court ruled that because of the existence of a trust-based relationship Board must first unequivocably repudiate the trust  i.e., act in a manner amounting to a denial of the existence of the trust  to initiate the applicable limitations period. This resolution would have been correct if the firefighters-pension trust were a private trust, but it is not.
¶ 10 The firefighters-pension is public in nature and its manager  the Board  is a wholly-owned state corporation whose authority is deraigned solely from statute. Since System is [statutorily-declared to be] an instrumentality of the State, it is without power to act in a manner contrary to what the law prescribes.[10] A review of Tit. 11, Art. 49 Okla.Stat. reveals no instance where the Board is empowered to or given authority to abrogate its statutorily-prescribed fiduciary relationship with the pension funds. Hence, were Board to do so, it would be acting outside its statutory mandate and its act of repudiation would be void. The trial court's application of the common-law rule of repudiation essentially requires the Board to do a vain and useless act or the performance of an impossible act. This the law does not sanction.[11]
*823 ¶ 11 The enactment of a statute of limitations is a legislative expression of policy "that prohibits litigants from raising claims after the expiration of a given period of time."[12] Generally, the limitation period for a breach-of-contract claim accrues when the party asserting it first acquires the right to sue.[13] Here, that would have been in May 1988. Kinzy Class members acknowledge they received notice that month System would only pay retroactive, COLA-adjusted benefits back to December 1, 1987. Kinzy also represents that he understood from a conversation with the System's executive director that System had paid the class all it was entitled to receive. Lastly, the Kinzy Class in its appellate paperwork excuses its members not seeking administrative remedies on the ground that such efforts would have been vain and useless. The predicate for making this representation requires the Kinzy Class to have understood (1) that a contractual breach had occurred and (2) that pursuit of an administrative remedy for the suffered breach would have been futile. A reasonable implication of the Kinzy Class' asserted defense is that its members knew System had not and would not pay retroactive benefits for periods earlier than December 1, 1987. A prudent plaintiff is required to pursue its claim with reasonable diligence.[14] Those who refrain from pursuing inquiries plainly suggested by the facts will not be extended the benefit of a rule which would toll the applicable statutes of limitations.[15]
¶ 12 The record supports but a single conclusion and that is the Kinzy Class members were on notice as early as May 1988 that System was not going to give retired firefighters COLA-adjusted retirement benefits for the period May 26, 1983 to December 1, 1987. It is upon first acquiring notice of the facts which would support a breach-of-contract claim against System that the class could have sued; hence, it is then that the Kinzy Class' cause of action accrued. Sans the tolling effect of the common-law rule of repudiation (for breach-of-trust actions) the retired firefighters' suit had to be brought within five years of its accrual  the statutory limitation period for claims based upon breach of written contracts.[16] It was not and hence is time-barred.

III

SUMMARY
¶ 13 The Kinzy Class asserted a claim against System seeking COLA-adjusted retirement benefits under the provisions of 11 O.S.1981 § 49-136 for the period May 26, 1983 to December 1, 1987. The class' claim is contractual in nature and is governed by the five-year statute of limitations governing claims based upon breach of a written contract. The Kinzy Class acquired knowledge as early as May 1988 that System was not paying the adjusted retirement benefits for periods earlier than December 1, 1987. The record supports but a single inference that the Kinzy Class knew, or with reasonable inquiry would have known, of the facts which would have supported its breach-of-contract claim almost seven years before it filed suit.
¶ 14 The class seeks to avoid the limitations period's effect by asserting that System and itself are in a fiduciary relationship and, hence, the common-law rule requiring a trustee to repudiate the trust in order to trigger the governing limitation period is applicable. The trial court so ruled. Nonetheless, its conclusion is erroneous because its effect is to require Board [the firefighters *824 pension-fund's manager] to perform an impossible act under Oklahoma's extant jurisprudence. Today's pronouncement reverses a trial court's ruling which in effect accorded indeterminate life to claims against the pension system. The law does not sanction requiring the Board, an instrumentality of the State, to perform a vain and useless act. Under the facts of this case the common-law rule of repudiation does not toll the limitation period governing the Kinzy Class' contractual claim against System.
¶ 15 For the above reasons,
THE TRIAL COURT'S JUDGMENT IS REVERSED AND THE CAUSE IS REMANDED WITH DIRECTION TO ENTER JUDGMENT DENYING RECOVERY ON THE TIME BARRED CLAIMS.
¶ 16 HARGRAVE, C.J., WATT, V.C.J., HODGES, OPALA, SUMMERS, BOUDREAU and WINCHESTER, JJ., concur.
¶ 17 KAUGER, J., recused.
OPALA, J., concurring.
¶ 1 Although I concur in the court's judgment and in its opinion, I add a brief explanation of my own to reinforce the correctness of today's analysis for disposition of the time-barred claim. The gravamen of this action by Kinzy (the plaintiff who is suing for himself and as a member of a class) was not the defendant's (System's) breach of its fiduciary duty in administering the trust res but rather its non-performance of an ex contractu obligation claimed to be due the Kinzy class of claimants. The court's application of the five-year time bar that was triggered by the contractual breach's occurrence is hence correct. See, e.g., Massachusetts Bonding & Ins. Co. v. Guthrie Sac. Bank, 85 Okla. 7, 204 P. 299, 301 (1922).
NOTES
[1] See 12 O.S.1991 § 95 subd. 1, which provides in pertinent part:

Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
1. Within five (5) years: An action upon any contract, agreement or promise in writing.
* * *
[2] Earlier Oklahoma law authorized each municipality to create its own pension system for qualifying firefighters. The 1981 enactment required municipalities to join the State system and transfer all of their assets to the Oklahoma Firefighters Pension and Retirement System.
[3] See 11 O.S.1981 § 49-136.
[4] 1983 Okla. Sess. Laws, Ch. 143 § 8.
[5] See Baker et al vs The Oklahoma Firefighters Pension and Retirement System et al., CIV 85-240-R, U.S. District Court for the Western District of Oklahoma, decided on December 7, 1987.
[6] Baker v. Oklahoma Firefighters Pension and Retirement System, 1986 OK 8, 718 P.2d 348.
[7] The Legislature enacted a six percent (6%) increase for retirees receiving benefits as of June 20, 1985 [11 O.S.Supp.1985 § 49-143] and an additional six percent (6%) for retirees receiving benefits as of June 30, 1986 [11 O.S.Supp.1986 § 49-143].
[8] In its brief System asserts that the federal district court's judgment "initially denied" and "barred" plaintiffs from seeking retroactive recovery of any pension benefits that might have accrued under the terms of the repealed statute. In fact what the federal district court did was to acknowledge the boundaries of its jurisdiction delimited by the terms of U.S. Const. amend. XI. See Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). See also Charles Alan Wright, Law of Federal Courts § 48 (4th ed.1983). The Eleventh Amendment bars a federal court from making a retrospective award of damages from state funds. Hence, the federal district court could not and did not reach or decide in Baker v. Oklahoma Firefighters Pension and Retirement System the issue of plaintiffs' entitlement to payment of COLA benefits under the terms of 11 O.S.1981 § 49-136 for periods earlier than December 7, 1987.
[9] For causes of action based upon violation of a trust relationship the statute of limitation does not begin to run until the plaintiff becomes aware of the trustee's breach. Catron v. First Nat'l Bank & Trust Co. of Tulsa, 1967 OK 107, 434 P.2d 263, 273; Guyer v. London, 1940 OK 272, 102 P.2d 875, 878.
[10] Boydston v. State, 1954 OK 327, 277 P.2d 138, 142; Special Indemnity Fund v. Prewitt, 1948 OK 104, 205 P.2d 306, 308.
[11] City of Cherokee v. Tatro, 1981 OK 127, 636 P.2d 337, 339; Fitts v. Standard Life and Acc. Ins. Co., 1974 OK 60, 522 P.2d 1040. "Equity will not require the doing of a useless act." Parker v. McCauley, 1964 OK 86, 393 P.2d 527, 529, quoting Grady v. Marshall, 1955 OK 285, 288 P.2d 1101. Further, the law will not require a party to perform an illegal act. McCormack v. Town of Granite, 1995 OK 105, 913 P.2d 278, 281.
[12] Matter of the Estate of Pope, 1986 OK 72, 733 P.2d 396, 401.
[13] Samuel Roberts Noble Foundation, Inc. v. Vick, 1992 OK 140, 840 P.2d 619, 622; Loyal Order of Moose, Lodge 1785 v. Cavaness, 1977 OK 70, 563 P.2d 143, 146.
[14] Lovelace v. Keohane, 1992 OK 24, 831 P.2d 624, 630.
[15] Daugherty v. Farmers Co-op. Ass'n, 1984 OK 72, 689 P.2d 947, 951.
[16] For the terms of 12 O.S.1991 § 95 subd. 1, see supra note 1.