2004 OK CIV APP 75

Louis BORDWINE, On Behalf of Himself and Those Similarly Situated, Plaintiff/Appellant,

v.

OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM; Robert Jones, Executive Director of the Oklahoma Firefighters Pension and Retirement System, in his official and individual capacity; and Tom Smith, Gerald Garrett, Chris Bain, Michael Bates, Anthony Fancisco, Doug Jacobson, Jim Long, Steven Lumry, Jim Norton, Harry Rosengrants, Frank Stone, Gerry Stadler, Juan Rodriguez, Trustees for the Oklahoma Firefighters Pension and Retirement System, in their official and individual capacities, Defendants/Appellees.

No. 99,668.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 9, 2004.

Certiorari Denied Sept. 13, 2004.

☞200(1)

Keith A. Ward, Nancy C. Curtis, Richardson, Stoops, Richardson & Ward, Tulsa, OK, for Appellant.

Wellon B. Poe, Assistant Attorney General, and Marc Edwards, Heather Leigh Hintz, Phillips, McFall, McCaffrey, McVay & Murrah, P.C., Oklahoma City, OK, for Appellees.

Opinion by LARRY JOPLIN, Judge.

¶1 Plaintiff/Appellant Louis Bordwine seeks review of the trial court's orders granting the motions to dismiss of the Defendants/Appellees Oklahoma Firefighters Pension and Retirement System (OFPRS), Robert Jones, OFPRS Executive Director, and OFPRS past and present Trustees—Tom Smith, Gerald Garrett, Chris Bain, Michael Bates, Anthony Francisco, Doug Jacobson, Jim Long, Steven Lumry, Jim Norton, Harry Rosengrants, Frank Stone, Gerry Stadler, and Juan Rodriguez—in their official and individual capacity, on Bordwine's claim to retirement benefits enhanced by credit for his pre-employment military service. Having reviewed the record in its entirety, however, we find the orders of the trial court should be affirmed.

¶2 Bordwine served in the U.S. Navy Reserve for less than a year before enlisting in the U.S. Air Force in August 1961, and served in the Air Force until honorably discharged in September 1963. Bordwine then worked as a firefighter for the City of Tulsa from 1970 until his retirement in 1990 when OFPRS began paying him retirement benefits. Bordwine did not serve in the military at any time during his employment as a firefighter.

¶ 3 In February 2003, Plaintiff filed the instant action against OFPRS, its Executive Director, and its Trustees, seeking enhanced retirement benefits based on credit for his pre-employment military service. Specifically, Plaintiff alleged that the Uniformed Services Employment and Reemployment Act (USERRA), 38 U.S.C. § 4301 et seq., §§ 4302, 4311, proscribed discrimination in employment benefits among members of the armed forces. Plaintiff also alleged that Oklahoma statute, 11 O.S. § 49–100.1 et seq., § 49–138, and 72 O.S. § 67.13a, impermissibly discriminated between "wartime" veterans and "peacetime" veterans, and granted credit for military service to "wartime" veterans, but not "peacetime" veterans, in calculating OFPRS retirement benefits, violating USERRA. For himself and others similarly situated, Plaintiff consequently sought class action certification; a declaration of rights to OFPRS retirement benefits enhanced by credit for years of pre-employment military service; damages for breach of contract, breach of fiduciary duty, negligence and discrimination under USERRA; and injunctive relief to compel OFPRS' non-discriminatory payment of credit-for-military-service enhanced retirement benefits under USERRA.

¶ 4 OFPRS and the Trustees filed motions to dismiss. As to the Trustees, the trial court determined they were protected by the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151, et seq., and the statute of limitations barred any actionable claims. As to OFPRS, the trial court determined that Bordwine failed to state a cause of action upon which relief could be granted under USERRA, holding that § 4311, the general anti-discrimination provision of USERRA, applied only to "employers," which OFPRS was not; and that § 4318, the retirement provision of USERRA, applied *only* to veterans who suffered a military-service-related interruption of their regular employment. The trial court also determined that the statute of limitations barred any actionable claims, holding that the limitations period began to run on Plaintiff's claims upon his retirement in 1990 when he was informed of the method of calculation and the exact monthly amount of his pension.

¶ 5 Plaintiff filed a motion to reconsider, asserting the trial court erroneously failed to address the dispositive issues of (1) whether state law requires OFPRS to consider Plaintiff's pre-employment military service in calculating his pension benefits; and (2) whether USERRA proscribes the state-law distinction between "wartime" veterans and "peacetime" veterans in calculating employment benefits. The trial court denied Plaintiff's motion to reconsider, and Plaintiff appeals.

■■■ ¶ 6 An OFPRS member's right to retirement benefits is contractual in nature. *Baker v. Oklahoma Firefighters Pension and Retirement System*, 1986 OK 8, ¶ 9, 718 P.2d 348, 352. A member's right to OFPRS retirement benefits attaches and becomes fixed at the time of the member's retirement. *Baker*, 1986 OK 8, ¶ 10, 718 P.2d at 353.[1] A member's claim for breach of the retirement benefits contract is controlled by the five year statute of limitations. *Kinzy v. State ex rel. Oklahoma Firefighters Pension and Retirement System*, 2001 OK 24, ¶ 12, 20 P.3d 818, 823. The statute of limitations on such a claim against OFPRS begins to run when a member acquires the right to sue, that is, when the pensioner knew or should have known that OFPRS failed to pay the benefits required to be paid at the time of retirement when the right to benefits became fixed. *Kinzy*, 2001 OK 24, ¶ 1, 20 P.3d at 820.[2]

1. "[U]nder Oklahoma law the right to the retirement pension benefits provided to firefighters and police officers under our state statutory schemes becomes absolute at the time those benefits become payable to those eligible. .... Those firefighters and police officers who had retired or who could have retired and become eligible for payment of pension benefits prior to the effective date of the repeal of the pension adjustment provisions acquired a right under those provisions which may not be detrimentally affected by subsequent acts of the Legislature. Oklahoma Constitution, Art. II § 15 and Art. V § 54."

2. "The limitation period was initiated when appellee was first informed that [OFPRS] was not going to pay the Kinzy Class members cost-of-living-adjusted retirement benefits for periods before December 1, 1987."

¶ 7 At the time of Plaintiff's retirement in 1990, § 49–138 granted to members, whose employment as a firefighter was interrupted by service in the United States armed forces, credit toward their firefighters' service pension for their years of military service.[3] At the same time, § 67.13a defined "war veteran" "to mean such honorably discharged persons as served ... during the period of time in which the United States participated in a war, campaign or battle," particularly including date-specific periods during World War II, the Korean war and the Vietnam conflict.[4]

¶ 8 In 1994, Congress enacted USERRA. USERRA defines the terms "benefit," "benefit of employment," or "rights and benefits" to include benefits under a pension plan. 38 U.S.C. § 4303(2). Section 4311(a) proscribes denial of "any benefit of employment by an employer on the basis of" a person's military service or military service obligation.[5] "Except as an actual employer of employees, an employee pension benefit plan ... shall be deemed to be an employer *only* with respect to the obligation to provide benefits described in section 4318." 38 U.S.C. § 4303(4)(C). (Emphasis added.) Sections 4318(a)(1) and (2) require employers to grant an employee credit toward retirement benefits for the period of military service upon the employee's "reemployment" as if the employee had suffered no break of employment at all. State law statutes of limitation do not apply to actions brought for enforcement of rights under USERRA. 38 U.S.C. 4323(i).[6]

■ ¶ 9 Three salient facts are uncontroverted. Prior to his employment as a fire-fighter, Plaintiff served in the United States military from October 1960 through September 1963. Plaintiff did not meet the criteria for "war veteran" of § 67.13a, and his service in the armed forces did not meet the criteria for "military service" of § 49–138. At no time during his employment as a firefighter did Bordwine serve in the military.

¶ 10 Plaintiff retired in 1990 and began receiving retirement benefits from OFPRS. His right to benefits then attached and became fixed. He then knew or should have known that he was not receiving retirement benefits enhanced by his years of military service, and his claim for breach of contract then accrued. Plaintiff did not commence the instant action until February 2003, almost thirteen years after his cause of action accrued in 1990. Accordingly, we find Bordwine's claim for breach of contract barred by the five year statute of limitations of 12 O.S. § 95(1).

■ ¶ 11 Bordwine's tort claims for breach of fiduciary duty and negligence against OFPRS, the Executive Director and the individual members of the Board of Trustees are barred by operation of the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151, et seq. OFPRS is "an instrumentality of this state," and, through its managing Executive Director and Board of Trustees, has only such duties and authority as prescribed by statute. 11 O.S. § 49–100.2; *Kinzy,* 2001 OK 24, ¶ 10, 20 P.3d at 822. As "an instrumentality of this state," OFPRS is exempt from tort liability under the OGTCA. 51 O.S.

3. Effective July 1, 1998, the Legislature amended § 49–138, and added subsection (C). New subsection (C) allowed a member credit toward retirement for pre-employment "military service," but limited the credit for pre-employment "military service" to a maximum of five years, and *defined "military service" in substantially the same terms as the definition of "war veterans" contained in § 67.13a.*

4. Particularly, "in a combat zone or in the immediate supporting area of a combat zone as certified by the War Veterans Commission of Oklahoma, prior to August 5, 1964," or "at any time during the period which began on August 5, 1964, and ended on May 7, 1975; except that such period shall be deemed to have ended on December 31, 1976, when determining eligibility for education and training benefits," and "[t]he term 'war veterans' shall include only those persons who shall have served during the times or in the areas prescribed hereinabove. ...." 72 O.S. Supp.1990 § 67.13a.

5. "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

6. "No State statute of limitations shall apply to any proceeding under this chapter."

§§ 152.1(A), 155(4). As "employee[s] of the state or political subdivision acting within the scope of [the] employment," the Executive Director and the Trustees are likewise immune from tort liability, and are not proper parties to this action. 51 O.S. §§ 152.1(A), 163(C).[7]

¶ 12 Bordwine's USERRA claim must also fail. OFPRS is not an employer subject to § 4311, and USERRA only requires OFPRS compliance with § 4318. 38 U.S.C. § 4303(4)(C). Bordwine suffered no military-service-related *interruption* in his employment as a firefighter requiring OFPRS to grant him credit for his *pre-employment* military service under §§ 4318(a)(1) and (2). We read nothing in USERRA which proscribes the extension of military service credits for pension benefits to "wartime" veterans, but not to "peacetime" veterans, as to invalidate the distinctions drawn in 11 O.S. § 49–138 and 72 O.S. § 67.13a.

¶ 13 The orders of the trial court are therefore AFFIRMED.

HANSEN, J., concurs in result, and MITCHELL, P.J., concur.

---

**7.** " . . . . *In no instance* shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant. . . ." (Emphasis added.)