2005 OK CIV APP 65

**In the Matter of Earl "Jack" VICKERS, Edward A. Atkinson, Paul Annex, Donald Braswell, William H. Brown, J.C. Brumett, Robert H. Cartner, Sr., Powell H. Chick, Donald R. Cochran, Daisy Cooper, widow of Alonzo Cooper, Don F. Cravens, John R. Donnell, Wanda J. Duncan, widow of Ralph E. Duncan, Robert A. Ferguson, James A. Gicaletto, Jr., Bertha Glover, widow of Vernon L. Glover, Billie I. Harper, Douglas A. Henson, Wanda I. Hicks, widow of Marvin L. Hicks, Meredith G. Fowler Huckabee, widow of Lowell Huckabee, Billie J. Jones, James D. Kelso, Michael E. Kerpan, Jacque Lemay, widow of Burke C. Lemay, John D. Lewis, Kenneth R. Liles, Roy V. Lofton, Cletys V. Merz, widow of Otto F. Mertz, Richard A. Neal, Frances Osborne, Wanda L. Davis Brooner Payton, widow of Charles R. Brooner, Vida Peterman, widow of Billy L. Peterman, Etna Pierce, widow of Jim C. Pierce, Kenneth L. Rinehart, Delores D. Rueb, widow of Robert E. Rueb, Arthur L. Smith, Murray G. Smith, Dorothy Sollars, widow of Harvey E. Sollars, Jeffie Standridge, widow of Harvey D. Stand-**

ridge, Robert W. Starr, David E. Swidler, Cecil C. Walker, Jr., George E. Watson, Helen A. Williams, widow of Charles O. Williams, Bernice Williams, widow of William L. Williams and James H. Willis, Petitioners/Appellants,

v.

STATE of Oklahoma, ex rel., The OKLAHOMA POLICE PENSION AND RETIREMENT BOARD, Respondents/Appellees.

No. 98,713.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 13, 2005.

Certiorari Denied Sept. 20, 2005.

Stephen J. Merrill, Wilson H. Busby, Merrill, Gates & Busby, Tulsa, OK, for Petitioners/Appellants.

Dale R. Harris, Andrew M. Low, Victoria V. Johnson, Davis Graham & Stubbs LLP, Denver, CO, Steven K. Snyder, Wellon B. Poe, Assistant Attorneys General, Oklahoma Police Pension Retirement System, Oklahoma City, OK, for Respondent/Appellee.

Opinion by LARRY JOPLIN, Presiding Judge.

¶ 1 Petitioners/Appellants Vickers, et al. (retired police officers and surviving spouses, hereinafter Vickers or Petitioners) seek review of the district court's order affirming a denial by the Oklahoma Police Pension and Retirement Board (OPPRB or Board) of an application filed in December 2000 to further enhance pre-employment military service retirement credits. The Board found the application was not timely filed. Petitioners appealed to the district court which affirmed the Board's decision. This appeal ensued and, after a thorough review, we affirm.

¶ 2 Vickers entered active military service on July 17, 1946 and served until May 11, 1948, whereupon he entered the reserves on May 12, 1948 where he served through September 21, 1950. He again served in active duty from September 22, 1950 through August 11, 1951, at which time he was honorably discharged with a Bronze Star.

¶ 3 Vickers was a member of OPPRB and retired from the police force in 1972. In 1994, the Board agreed to enhance the retirement benefits of "eligible members" who had pre-employment wartime military service that fell within the statutory mandates of 72 O.S.1991 § 67.13a. The Board's 1994 enhancement of retirement credits was retroactive to 1988 and done pursuant to a settlement agreement reached in a case filed in 1991 by three police officers against the Board. *Swindler v. State ex rel. Oklahoma Police Pension and Retirement Board*, Okla-

homa County District Court Case No. CJ–91–9241.[1]

¶ 4 In February 1994, the *Swindler* court ordered, pursuant to the settlement agreement, the Board to pay the agreed § 67.13a benefits to the *Swindler* plaintiffs and to "eligible members." The court's order defined "eligible members" as "all current [OPPRB] members who have wartime service as defined by statute *who agree to be bound by the terms of this Order in writing on or before July 1, 1994.*" (Emphasis added). The Board was ordered to have enhanced future benefits calculated by July 1, 1994.

¶ 5 In April 1994, the Board sent members with qualifying military service a memo, a copy of the *Swindler* court order and a "Release and Settlement Agreement" to sign so to become eligible to receive enhanced pension checks by July 1, 1994. Vickers signed the Release and Settlement Agreement, becoming an "eligible member" under the *Swindler* decision.

¶ 6 The April 1994 Release signed by Vickers acknowledges that he was granted enhanced retirement credits based upon one (1) year and five (5) months of pre-employment military service, with his retroactive benefits calculated to be $2,476.96. When Vickers signed this Release, he agreed to accept the benefits as calculated and to forego further litigation regarding § 67.13a benefits. Nevertheless, he and other retired officers filed an application before the Board in December 2000 requesting additional § 67.13a benefits. The Board denied the application as time barred and the district court affirmed the denial.

¶ 7 Petitioners contend that fraudulent conduct tolled the statute of limitations or, in the alternative, that the application was timely filed and, thirdly, that the application should be heard because of constitutional violations. The Board denies fraud and that a basis exists for an equitable tolling of the statute of limitations; contends Petitioners were on notice of facts in 1994 that triggered the running of the statute of limitations and that the time gap between 1994 and 2000 exceeded any applicable statute of limitations period; and further, that the allegation of constitutional violations, as well as being time-barred, was not raised before the Board and thus may not be raised on appeal.

¶ 8 Under the Oklahoma Administrative Procedures Act, factual findings will be reviewed on appeal to determine if the Board's decision is supported by substantial evidence based upon the record as a whole and are not clearly erroneous. 75 O.S.1963 § 322; *Kline v. State, ex rel. Oklahoma Water Resources Bd.*, 1988 OK 18, 759 P.2d 210, 214; *City of Hugo v. State ex rel. Public Employees Relations Board*, 1994 OK 134, ¶ 22, 886 P.2d 485, 495. Questions pertaining to the statute of limitations involve issues of law and are reviewed *de novo*. *City of Tulsa v. State ex rel. Public Employees Relations Bd.*, 1998 OK 92, ¶ 13, 967 P.2d 1214, 1219.

¶ 9 The basis on which Petitioners contend they are entitled to pursue a claim for additional § 67.13a benefits despite the *Swindler* Release and Settlement Agreement is primarily based upon an argument that the 1994 *Swindler* Release was procured through fraud. As such, Petitioners contend the Release should not be used to trigger the statute of limitations, or in the alternative, that the fraud invokes an equitable tolling of the statute of limitations. In making such allegations of fraud, Petitioners rely upon the content of many documents forwarded to them that arose from the *Swindler* litigation.

¶ 10 Petitioners say the *Swindler* documents contained misrepresentations, including that (1) the settlement fully covered past due retirement credits when in fact retroactive payments were limited to three years prior to the initiation of the *Swindler* claims (1988), although many officers had retired much earlier than 1988; (2) officers had to sign the Release in order to receive § 67.13a enhanced retirement benefits; (3) pre-employment military service of each police officer qualified for enhanced credits had been

---

1. We note that Swindler was not a class action lawsuit. Petitioners complained of unsolicited contact by attorneys representing the *Swindler* Petitioners which he alleges converted Swindler into a class action suit in which the non-party police officers remained unrepresented, but fails to cite to any authority or to brief this issue so we do not address it.

individually adjudicated by the court; and (4) the amount of enhanced credits granted to each officer had been individually reviewed and approved by the court. These alleged misrepresentations are argued to constitute: (1) actual fraud and intentional deception; (2) constructive fraud, based upon negligent misrepresentations; and/or (3) extrinsic fraud through breach of fiduciary duties.

¶ 11 While the *Swindler* litigation was pending in 1992, the Board sent its members a military service history survey inquiring whether members had served in the Armed Forces during certain military events. From such data, the number of OPPRB members eligible for enhanced retirement credits and the financial impact of such could be ascertained.

¶ 12 In 1994, a settlement agreement was reached between the parties in the *Swindler* litigation. The district court entered its order reflecting and enforcing the settlement agreement. The substance of the *Swindler* settlement agreement and order was: (1) OPPRB was subject to § 67.13a; (2) OPPRB would enhance retirement benefits for eligible members by July 1994; and (3) OPPRB would retroactively enhance retirement benefits paid since September 1988, three years prior to when the *Swindler* plaintiffs made a claim for such benefits.

¶ 13 After settlement between the parties, non-party members of OPPRB received documents including (1) the *Swindler* court order; (2) a four page letter from the *Swindler* plaintiffs' law firm; (3) memos from OPPRB regarding the *Swindler* court order and another copy of the military history survey to be completed if the member had not already done so; and (4) memos from OPPRB regarding the evaluation of military survey data and members eligibility for enhanced benefits under the *Swindler* settlement agreement and order.

¶ 14 The February 1994 *Swindler* court order addressed the three year limit on liability for retroactive benefits:

1. On September 26, 1991, Plaintiffs–Petitioners ... filed applications with the Police Pension & Retirement Board for retirement credit for pre-employment wartime military service....

. . .

7. The Court further finds that under 12 O.S. § 95 (Second), which provides that an action upon a liability created by statute must be brought within three years, Plaintiffs' recovery is limited to the additional retirement benefits which have accrued since September 26, 1988, plus the additional benefits which will accrue in the future.

¶ 15 Portions of the February 1994 law firm letter also addressed the three year term of retroactive benefits, as well as the option for non-parties to reject the agreement and pursue individual litigation:

This [three years of retroactive benefits] is a portion of the compromise, but we do not believe officers are giving up much. Under Oklahoma law, the limitations period in which to file an action for liabilities created by statute is three years. Thus, when the administrative action was first filed in September 1991, the statute of limitations had run for officers to claim benefits which would have accrued more than three years before that date ... If an officer decides to pursue separate action to attempt to recover pre–1988 benefits, he will lose the benefits of the [Settlement Agreement] Order. This means he will have to refight the whole legal battle—not just the question of retroactivity ...

¶ 16 The Board sent memos to its members in April 1994 to inform them of the evaluation of the military survey data. The evaluations generally fell within three categories: 1) the member's service did not qualify for enhanced credits under § 67.13a because of an enumerated reason; 2) the member's service qualified for enhanced credits but could not be utilized because of already receiving maximum credits; or 3) the member's service qualified for enhanced benefits.

¶ 17 The Release and Settlement Agreement set forth the formula agreed upon for calculating the enhanced retirement credits. There was also a paragraph that set forth the calculations for each officer's future and past benefits to be paid, listing the accrual dates for the past benefits. For example, the Release and Settlement Agreement document

sent to, and ultimately signed by, Vickers included the following:

> 5. Pursuant to the above referenced computation, Earl J Vickers, . . . who retired from the City of Tulsa, is entitled to military service credit of one years and five months. The total monthly military benefit adjustment will be $36.34 . . . Further, pursuant to the terms of the Court Order . . . recovery of retroactive benefits, by party of the first part is limited to the additional retirement benefits which have accrued from September 25, 1988 through May 31, 1994 in the amount of $2,476.96 . . .

¶ 18 Based upon a review as a whole of the exchanged documents and information arising from the *Swindler* litigation, it is clear that the documents conveyed that (1) the settlement covered past due retirement credits for military service through 1988—three years prior to the initiation of the *Swindler* claims; (2) the officers had the option to reject the settlement agreement and individually request § 67.13a enhanced retirement credits; (3) the Board determined whether the military service qualified for enhanced credits under § 67.13a; (4) the parties in *Swindler* agreed, as reflected in the Settlement Agreement, upon the formula to use for calculating enhanced § 67.13a benefits; and (5) the extent of court involvement was to order OPPRB to enhance pension checks in the future and in the past to 1988 for the *Swindler* plaintiffs and unnamed "eligible members" who agreed to be bound by the terms of the settlement agreement.

■ ¶ 19 We now review the law at the time of the *Swindler* settlement regarding use of a three year limitation period on liability to pay retroactive enhanced retirement benefits and whether its use was an act of fraud. A three year statute of limitations was set forth in 12 O.S.1994 § 95(2): "Civil actions other than for the recovery of real property can only be brought . . . 2. Within

three (3) years: . . . an action upon a liability created by statute . . ."

¶ 20 Petitioners rely upon case authority for the proposition that retroactive retirement benefits were wrongfully limited to 1998. One opinion was rendered before the *Swindler* settlement agreement; the other after: *Allen v. State ex rel. Bd. of Trustees of Oklahoma Uniform Retirement Sys. for Justices & Judges,* 1988 OK 99, ¶ 15, 769 P.2d 1302 and *Cable v. State of Oklahoma ex rel. The Oklahoma Police Pension and Retirement Board,* 2001 OK CIV APP 99, 31 P.3d 392. Petitioners contend that because in *Allen* and *Cable* the plaintiffs were granted retroactive enhanced retirement benefits under § 67.13a back to the date of retirement,[2] that they, too, had a vested property right to retroactive benefits back to the date of retirement without limitation.

■ ¶ 21 The issue of limiting the retirement system's liability under a statute of limitations was not raised in *Allen* or in *Cable.* We do not find the case authority cited by Petitioners negates the parties' ability to reach the settlement agreement in *Swindler.* Nor do we believe the law existing at the time of the *Swindler* agreement negates the legitimacy of the officers' agreements to participate in the *Swindler* settlement. We cannot say that either *Allen* or *Cable* mandate an equitable tolling of the statute of limitations for filing a claim for enhanced retirement benefits.

¶ 22 Finding no basis on which to toll the statute of limitations, we turn to the issue of which statute of limitations applies to the claim for enhanced retirement benefits and whether Petitioners' application was time-barred. Petitioners argue that the applicable statute of limitations is the five year period in which to bring actions based upon written contracts. 12 O.S.2004 § 95(A)(1) provides: "Civil actions other than for the recovery of real property can only be brought . . . 1. Within five (5) years: An

---

**2.** We note that in *Dewey v. Oklahoma Firefighters Pension & Retirement System,* 2001 OK 40, ¶ 17, 28 P.3d 539, like the present case, the parties reached an agreement that there should be a three year limit on the retirement system's retro-

active liability for enhancement of benefits under § 67.13a because of the three year statute of limitations for an action upon a liability created by statute.

action upon any contract, agreement, or promise in writing; ..."

¶ 23 Subsequent to *Swindler*, the Oklahoma Supreme Court held that the five year statute of limitations is applicable to claims for enhanced state retirement benefits. *Kinzy v. State of Oklahoma, ex. rel, Oklahoma firefighters Pension and Retirement System*, 2001 OK 24, ¶ 12, 20 P.3d 818, 823. This holding was reiterated in *Bordwine v. Oklahoma Firefighters Pension and Retirement System*, 2004 OK CIV APP 75, ¶ 6, 99 P.3d 703 (cert. den. Sept. 13, 2004). The statute of limitations for written contracts is held to apply because statutory retirement benefits mature into contract rights upon retirement.

¶ 24 Petitioners argue that application of a five year statute of limitations renders the December 2000 application for additional § 67.13a benefits timely. Petitioners so argue because of a payment made by the Board under the *Swindler* agreement in June 1996. Less than five years passed between 1996 and 2000.

¶ 25 Statutes of limitations are triggered by events which place one on notice that a basis for a claim exists. In *Kinzy v. Oklahoma Firefighters Pension and Retirement System*, 2001 OK 24, 20 P.3d 818, 824, the Court held that the triggering event to make a claim for additional § 67.13a benefits was when notice was received that the retirement system was not going to pay retroactive benefits for periods earlier than 1987:

> Generally, the limitation period accrues when the party asserting it first acquires the right to sue. Here, that would have been in May 1988. Kinzy Class members acknowledge they received notice that month System would only pay retroactive, COLA-adjusted benefits back to December 1, 1987 ... A reasonable implication ... is that its members knew System had not and would not pay retroactive benefits for periods earlier than December 1, 1987.

*Kinzy* at ¶ 11, 832.

¶ 26 In the present case, it is clear that Petitioners received notice by 1994 that their pre-employment military service was accepted in full, accepted in part or rejected as a basis for enhancing their pension checks. Further, Petitioners received notice in 1994 of the amount by which future pension checks would be enhanced and the amount of retroactive benefits to be paid and the time period used to calculate retroactive benefits. In fact, by July 1,1994, the Board issued enhanced pension checks, based upon fully disclosed methods of calculation for each officer. Through these 1994 events, Petitioners acquired the right to sue for allegedly deficient § 67.13a benefits, rendering the 2000 claim time-barred, even under a five year statute of limitations.

¶ 27 Finally, Petitioners contend that pension benefits above those agreed to in *Swindler* are constitutionally protected. "To invoke constitutional protections, protectable property interests must exist ..." *Ross v. Kelsey Hayes, Inc.*, 1991 OK 83, ¶ 10, 825 P.2d 1273. The Board contends Petitioners have not made such a showing, but even if we accepted that Petitioners had done so [3], Petitioners are again faced with a 1994 notification of any alleged taking and the Release and Settlement Agreement document which includes a waiver of:

> ... any and all claims under any constitution ... Any and all ... constitutional claims ... Any and all claims that ... could file in the future with the [OPPRB] ... In this regard, ... agrees that he/she will file no future claims with the [OPPRB] ... Any and all claims arising out of terms and conditions of the calculation and the crediting of military service credit by the [OPPRB].

¶ 28 Parties may enter agreements to forego constitutional protections. *See Rollings v. Thermodyne Industries, Inc.*, 910 P.2d 1030, 1996 OK 6; *See also Bordwine* at ¶ 6, 705 (cert.den., Sept. 13, 2004); *Baker v. Oklahoma Firefighters Pension and Retirement System*, 1986 OK 8, ¶ 9, 718 P.2d 348, 352. Further, Petitioners failed to raise these alleged constitutional violations below.

---

**3.** We adhere to our holding that there is no vested property right to enhanced retirement credits for those who do not fall within the statutorily definition of wartime veterans. *See Bordwine*, ¶ 3 and ¶ 12, at 705, 707.

As such, these allegations are not properly before an appellate court. Appellate review of a Board's decision is confined to the record made before the administrative tribunal. 75 O.S.1991, § 321; *City of Tulsa v. Public Employees Relations Board,* 1998 OK 92, ¶ 12, 967 P.2d 1214.

¶ 29 Under the facts of this case, we adhere to the binding nature of the *Swindler* Release which contains the following acknowledgment:

9. By signing this Agreement, the parties hereto agree that they have fully read and have understood the terms and conditions of this Agreement, that they have fully consulted with their attorneys and with all other persons who they wish or need to consult. They further acknowledge that this Agreement was signed knowingly and voluntarily and without duress and that the terms of the Agreement are bargained for and incorporate the full agreement of the parties.

¶ 30 Because there exists substantial evidence to support the Board's finding that Petitioner's application was time-barred, and the district's upholding of that decision, we AFFIRM.

HANSEN, J., and BUETTNER, C.J., concur.