2005 OK CIV APP 91

**Bobby Gene STEELMAN, Robert D. Wall and Douglas Donald McKenzie, Plaintiffs/Appellants,**

v.

**OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM; Robert Wallace, Executive Director of the Oklahoma Police Pension and Retirement System, in his official and individual capacity, and W.B. Smith, David Been, Charles Burris, Steve Cain, Tony Davenport, Charles Kerr, Hugh Osborn, Harry Rosengrants, Frank Stone, Neil Vickers, Scott Meacham or his designee, Trustees for the Oklahoma Police Pension and Retirement System, in their official and individual capacities, Defendants/Appellees.**

**No. 100,347.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 2, 2005.

Certiorari Dismissed Dec. 5, 2005.

Keith A. Ward, Richardson, Stoops, Richardson & Ward, Tulsa, OK, for Appellant.

Steven K. Snyder, Wellon B. Poe, Office of Attorney General, Oklahoma City, OK, Andrew M. Low, Cindy S. Birley, Victoria V. Johnson, Davis, Graham & Stubbs, LLP, Denver, CO, and Mark Edwards, Phillips, McFall, McCaffrey, McVay, P.C., Oklahoma City, OK, for Appellees.

Opinion by LARRY JOPLIN, Presiding Judge.

¶ 1 Plaintiffs/Appellants Bobby Gene Steelman, Robert D. Wall and Douglas Donald McKenzie (Steelman, Wall, McKenzie or Plaintiffs) seek review of the trial court's order dismissing their claims on motions for summary judgment of Defendant Oklahoma Police Pension and Retirement System (OPPRS) and individual OPPRS Board of Trustee Member Defendants (Trustees or collectively Defendants). Plaintiffs assert it was error to dismiss the suit because Defendants violated both federal and state statutes, breached contractual rights and violated constitutional rights regarding the distribution of pension benefits. Plaintiffs also claim entitlement to relief under 28 U.S.C. § 1983 and raise issues pertaining to the statute of limitations. Finding no error, we affirm.

¶ 2 In reviewing a ruling in favor of Defendants on motions for summary judgment, all inferences and conclusions are drawn in the light most favorable to Plaintiffs. Although motions for summary judgment involve consideration of factual matters, the ultimate decision involves a purely legal determination that is reviewed *de novo* on appeal. *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053.

¶ 3 Plaintiff Steelman served in the United States military from 1952 until honorably discharged in 1963. In 1965, Steelman became a police officer for the City of Oklahoma City. He retired in 1997.

¶ 4 Prior to retirement, Steelman signed a Release and Settlement Agreement document in 1994. That document was the product of the *Swindler v. State ex rel. Oklahoma Police Pension and Retirement Board, Oklahoma County District Court Case No. CJ–91–9241* litigation. Under the terms of the agreement, OPPRS agreed to enhance the retirement benefits of its members based upon military service. Steelman's Release set forth that OPPRS had agreed to enhance his monthly benefits by $254.28 and pay him $7,119.84 for past retirement benefits.

¶ 5 The Release signed by Steelman in *Swindler* disclosed the basis of OPPRS' enhancement of his retirement benefits. Steelman was granted retirement credits for two years and nine months of his pre-employment military service. By signing the Release, Steelman agreed the listed payments fully compensated him for enhanced retirement benefits owed based upon military service.

¶ 6 Plaintiff Wall became a police officer for the City of Tulsa in 1963. During his employment, Wall served in the National Guard from 1965 through 1971. Wall was absent from employment for approximately 144 days due to National Guard training. In 1980, Wall requested his lost service time be

restored but the request was denied. In 1983, Wall was notified that his hiring date had been adjusted from November 1963 to May 1964 due to the lost service time. Wall requested the City confirm his retirement date was now May 1984. In accordance with the adjusted retirement date, Wall retired in May 1984 and began receiving retirement pension benefits.

¶ 7 Plaintiff McKenzie served in the United States Army from 1974 until he was honorably discharged in 1977. In 1978, McKenzie was hired by the City of Norman as a police officer. McKenzie sent a letter to OPPRS requesting a three year adjustment based upon his pre-employment military service. On March 31, 1994, OPPRS sent McKenzie a memo that his retirement benefits would be enhanced based upon eleven months of his pre-employment military service. McKenzie began receiving pension checks from OPPRS through the deferred option plan in 2002 and subsequently retired.

¶ 8 In 2003, the present litigation was commenced in Oklahoma County District Court to seek additional retirement credits based upon military service. Defendants filed motions for summary judgment. The trial court granted the Defendants' motions and held in essence that (1) Plaintiffs claims were time barred; (2) Steelman was bound by the terms of the Release he signed in 1994; (3) OPPRS was not Plaintiffs' employer so was not subject to liability based upon federal statutes prohibiting discrimination by employers; (4) Oklahoma's statutes on granting retirement credit based upon military service did not impermissibly discriminate; (5) Plaintiffs failed to state claims against the individual defendants; (6) Plaintiffs were not entitled to remedial relief under federal statute § 1983; and (7) the Oklahoma Governmental Tort Claims Act barred tort claims.

¶ 9 Plaintiffs contend that their claims are not time barred and that OPPRS violated contractual rights, as well as violated state and federal law, in regard to enhancement of retirement benefits based upon military ser-

vice. Plaintiffs also contend that OPPRS breached fiduciary duties and engaged in tortious conduct regarding distribution of pension benefits. Plaintiffs further assert entitlement to relief under 28 U.S.C. § 1983.

¶ 10 Defendants contend Plaintiffs' claims are time barred, barred by laches and that they are prejudiced by such belated claims. Defendants deny their distribution of pension benefits constitutes a breach of contract or violation of state and federal law. Defendants further contend that Plaintiffs' tort claims are barred under the Oklahoma Governmental Tort Claims Act. As such, Defendants assert that the trial court properly dismissed Plaintiffs' suit.

## I. State Retirement Benefits Based upon Military Service

 ¶ 11 OPPRS is the state retirement system of Oklahoma police officers. Under 72 O.S.1981 § 67.13a, OPPRS was to grant maximum retirement credits for up to five (5) years of military service as defined by Oklahoma's statutes. Once OPPRS members retire or become eligible to retire, their statutory retirement benefits mature into contractual rights and may not be diminished through passage or repeal of statutes. *Baker v. Oklahoma Firefighters Pension and Retirement System*, 1986 OK 8, ¶ 10, 718 P.2d 348, 352; *Bordwine v. Oklahoma Firefighters Pension and Retirement System*, 2004 OK CIV APP 75, ¶ 6, 99 P.3d 703 (cert.den.Sept.13, 2004).

¶ 12 A review of the statutes regarding enhancement of retirement benefits for police officers based upon military service does not reveal diminishment of such rights through legislative action. Such statutes were codified in Title 72 (Soldiers and Sailors) and Title 11 (Cities and Towns). From 1981 through July 1998, police could receive up to five (5) years of retirement credits under 72 O.S. § 67.13a for military service during specified dates and circumstances. After July 1998, police officers could receive such benefits under 11 O.S.1998 § 50–128.[1]

---

1. 11 O.S.1998 § 50–128(B)(C): "A member who retires on or after July 1, 1998, shall receive maximum benefits available for each year of creditable service, not to exceed five (5) years,

for active military service for retirement benefits for service rendered prior to being hired by a Police Department. For purposes of this subsection, 'military service' means service in the

Thus, enhancing police officers' retirement benefits based upon preemployment military service remained constant despite the shift from Title 72 to Title 11.

## II. Federal Law Protecting Employees Who Serve in the Armed Forces

¶ 13 Federal law regarding employees who serve or have served in the military is now codified as the Uniformed Services Employment and Reemployment Rights Act (USERRA or the Act). 38 U.S.C.1994 § 4301 *et seq.; see also* Veterans Reemployment Rights Act (USERRA's predecessor), 38 U.S.C. § 2021 *et seq.* The general purpose is to eliminate or minimize disadvantages to civilian careers and employment that results from uniformed service. 38 U.S.C. § 4301(a).

¶ 14 Federal law prohibits *employers* from engaging in general discriminatory practices substantially motivated by military service. 38 U.S.C. § 4311(a). Pension systems are specifically *excluded* from the definition of an employer. 38 U.S.C. § 4303(4)(C). Thus, retirement systems are not subject to liability under § 4311(a); *Bordwine v. Oklahoma Firefighters Pension and Retirement System,* 2004 OK CIV APP 75, 99 P.3d 703 (cert.den.Sept.13, 2004). However, pension systems are subject to liability under another section of federal law.

¶ 15 Pension systems may not discriminate against employees who are absent from employment due to military service obligations. 38 U.S.C. § 4302(2). In short, pension systems must treat employees who take a break from employment to serve in the military the same as employees who do not interrupt employment to serve. 38 U.S.C. § 4318(2)(A). Thus, employees with *interim* military service are not to lose otherwise accrued retirement benefits. 38 U.S.C. § 4318(2)(B).

¶ 16 But, it is clear that federal law does not mandate pension systems grant retirement credits for *pre-employment* military service. *See Bordwine* at ¶ 12, 707. Pension systems are not required to treat employees with military service better than those who did not serve. *Fahrenbacher and Sheehan v. Department of the Navy,* 85 M.S.P.R. 500, 510, ¶ 18 (2000). Thus, pension systems may grant additional benefits to those that serve, but they are not required to grant such additional benefits to all employees with some military service history, so long as all similarly situated employees are treated the same. *See Crawford v. Department of Transportation,* 373 F.3d 1155 (Fed.Cir.2004) (denial of additional benefits to Coast Guard Cadets upheld).

## III. Equitable Relief

¶ 17 Equitable relief, through injunction and declaratory judgment, is available only under limited circumstances. In order to obtain declaratory relief regarding a statute, the complainant must have a legally protectible interest in a controversy that is ripe for judicial determination. *Chrysler Corp. v. Clark,* 1987 OK 32, ¶ 2, ¶ 15, 737 P.2d 109, 110, 112. An "injunction is used to prevent future misconduct . . .". *Chrysler* at ¶ 2, 110; 12 O.S. § 1651; *Oklahoma Public Employees Ass'n v. Oklahoma Dept. of Central Services,* 2002 OK 71, ¶ 20, 55 P.3d 1072, 1081. Thus, it must be established that a legally protectible interest ripe for judicial determination is in issue and that misconduct is involved in order to obtain equitable relief.

## IV. Release and Settlement Agreement

¶ 18 When police officers, such as Steelman, signed the *Swindler* Release and

---

Armed Forces of the United States in time of war or national emergency by honorably discharged persons who served as follows: (1) In the Armed Forces . . . from April 6, 1917, to November 11, 1918 . . . (2) . . . as members of the 45th Division at any time during the period from September 16, 1940, to December 7, 1941 . . . (3) . . . from December 7, 1941, to December 31, 1946 . . . (4) . . . from June 27, 1950, to January 31, 1955 . . . (5) . . . time in which the United States participated in a war, campaign or battle . . . (6)(a) February 28, 1961, and ended on May 7, 1975 in the case of a veteran who served in the Republic of Vietnam during that period, and (6)(b) August 5, 1964, and ended on May 7, 1975, in all other cases. (7) . . . August 1, 1990, and ended on December 31, 1991 . . . (C) An eligible member pursuant to subsection B of this section shall include only those persons who shall have served during the times or in the areas prescribed in this section, and those persons who are awarded service medals . . ."

Settlement Agreement, they agreed to accept the agreed payments from OPPRS as full enhancement of their pension benefits based upon military service. The basis, or number of pre-employment military service years, OPPRS used to calculate enhanced retirement benefits was fully disclosed. We find no basis on which to undermine the binding effect of that release as thoroughly discussed in *Vickers v. The Oklahoma Police Pension and Retirement Board*, 2005 OK CIV APP 65, 120 P.3d 862.

## VI. Property Right

 ¶ 19 Based upon the record before us and our review of Oklahoma and federal laws, it is clear no property right in enhanced retirement credits beyond that granted by OPPRS exists. Without a constitutional or statutory violation, there is no basis for invoking equitable injunctive or declaratory relief, nor relief under § 1983. *See Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002). Further, as to Plaintiff Steelman, we note that parties may enter agreements to forego constitutional protections. *See Rollings v. Thermodyne Industries, Inc.*, 1996 OK 6, 910 P.2d 1030.

## VII. Immunity

 ¶ 20 Under the Oklahoma Governmental Tort Claims Act, those who act on behalf of the State and its instrumentalities are immune from liability for such acts, even when suit is based upon the failure to adopt or enforce a law. 51 O.S. § 152(9), § 152.1(A), § 155(4) and § 163(C). Such immunity generally bars civil suits against OPPRS and its Trustees for tort claims. *Bordwine v. Oklahoma Firefighters Pension and Retirement System*, 2004 OK CIV APP 75, ¶ 11, 99 P.3d 703 (cert.den.Sept.13, 2004). The record is bare of facts to support an exception to this general immunity based upon Trustees acting in bad faith or outside the scope of their employment. Likewise, Trustees are immune from individual liability under § 1983. *McFall v. Bednar*, 407 F.3d 1081 (10th Cir.2005): "The doctrine of qualified immunity, therefore, shields government officials performing discretionary functions from liability for civil damages arising from 42 U.S.C. § 1983 claims brought against them in their individual capacities."

## VIII. Statute of Limitations

 ¶ 21 The Oklahoma Supreme Court has held a five year statute of limitations applies to breach of contract claims based upon the alleged failure of a state retirement system to pay retirement benefits. *Kinzy v. Oklahoma Firefighters Pension and Retirement System*, 2001 OK 24, 20 P.3d 818 (public fiduciary status does not alter applicability of contract statute of limitations); 12 O.S. 2004 § 95(A)(1). Statute of limitations are generally triggered "when the party asserting it first acquires the right to sue." *Kinzy*, ¶ 12 at 823.

 ¶ 22 A right to sue for breach of contract, presupposes the existence of a contract. The Supreme court has held that "the contract between the state and its employees [comes] into existence at the point of eligibility ..." *Baker v. Oklahoma Firefighters Pension and Retirement System*, 1986 OK 8, ¶ 9, 718 P.2d 348, 352. The Court went on to hold that "the retirement pension benefits provided to firefighters and police officers under our state statutory schemes becomes absolute at the time those benefits become payable to those eligible ... Those firefighters and police officers who had retired or who could have retired and become eligible for payment of pension benefits ... acquired a right under those provisions." *Baker*, ¶ 10 at 353. The Oklahoma Supreme Court also held in 2001 that public employees who hold 'vested contractual rights' are defined as those who have "met the eligibility requirements for receipt of pension benefits." *Kinzy*, ¶ 3 at 821.

 ¶ 23 In the present case, Wall retired in 1984 and Steelman retired in 1997. The state statutory obligations to credit certain military service towards retirement benefits were in existence at those times. See 72 O.S.1981 § 67.13a. Accordingly, at the time of retirement, Wall and Steelman had a contractual right to sue OPPRS for alleged breach of those duties. However, Steelman waived his rights to sue on these grounds in 1994 when he signed the binding settlement

agreement and release. Nonetheless, more than five years past from the dates of retirement before suit was filed in 2003, rendering the claims of Wall and Steelman time-barred.

¶ 24 McKenzie, on the other hand, did not receive pension payments until he entered the Oklahoma Police Deferred Option Plan in 2002. McKenzie's 2003 suit was filed within five years of payment of retirement benefits. Thus, on that basis McKenzie's suit is not time-barred. However, we examine the record to determine the impact of events occurring in 1994.

¶ 25 A cause of action for breach of contract may accrue "upon first acquiring notice of the facts which would support a breach-of-contract claim." *Kinzy*, ¶ 12 at 823. In Kinzy, retirees and those eligible to receive retirement payments were notified by the state retirement system of the years for which it would retroactively pay universally established cost-of-living-adjustments (CO-LAs).

¶ 26 In the present case, OPPRS notified McKenzie in 1994 of how it would calculate his personal military service credits. We note that, unlike Steelman, McKenzie did not sign binding documents accepting OPPRS calculations. But, in 1994, McKenzie was not receiving nor was he eligible to receive pension benefits. Thus, OPPRS notification dealt with McKenzie's future potential benefits whereas the *Kinzy* notification dealt with retroactive benefits for retirees and those eligible for pension payments. The Oklahoma Supreme Court has noted the propriety of, and advantages to, allowing state retirement systems "flexibility" in regard to future benefits. *See Baker*, ¶ 9 at 352. We do not find the events in 1994 to have triggered the statute of limitations for a breach of contract cause of action by McKenzie.

## IX. Breach of Contract

¶ 27 The trial court dismissed Plaintiffs' case having found, in part, that all claims were time-barred. Although we do not agree that McKenzie's claims should have been dismissed as time-barred, we nevertheless find dismissal appropriate because McKenzie has stated no set of facts entitling him to relief. *See Oklahoma Dept. of Mines v. Dahlgren*, 1999 OK 95, ¶ 20, 995 P.2d 1103, 1109. We base this conclusion upon an examination of McKenzie's breach of contract claim.

¶ 28 McKenzie contends OPPRS violated federal and state statutory obligations when it granted only partial credit for his preemployment military service. We already rejected Plaintiffs' claims under the federal act, USERRA. We now examine McKenzie's claims regarding state statutory obligations.

¶ 29 Oklahoma statutes obligated OPPRS to grant McKenzie credit towards retirement benefits based upon his military service through May 7, 1975. 11 O.S.1999 § 50–128(B); *See also* 72 O.S.1981 § 67.13a. McKenzie contends that because some of his service falls within these "hard dates," he is entitled to full credit for his 3 years of military service, even for service that occurred after May 1975. We reject this argument, finding it contrary to the plain meaning of the statute and that such an interpretation would improperly render the legislature's specification of dates of service to be superfluous. *See Comer v. Preferred Risk Mut. Ins. Co.*, 1999 OK 86, ¶ 18, 991 P.2d 1006, 1013, 1014.

¶ 30 McKenzie contends, in the alternative, that additional statutory language encompasses military service that falls outside of the "hard dates" and thereby obligated OPPRS grant him credit for his full term of military service. The language relied upon by Plaintiffs mandates OPPRS credit military service that encompassed a time in which the United States participated in a war, campaign or battle. 11 O.S.1999 § 50–128; *See also* 72 O.S.1981 § 67.13a. However, McKenzie alleges no facts and presented no evidence that his military service time outside the "hard dates" falls within this additional statutory provision. McKenzie thereby failed to establish a loss of retirement benefits to which he was statutorily entitled and, thus, summary judgment was properly granted on his breach of contract claim.

## X. CONCLUSION

¶31 The trial court's order dismissing Plaintiffs' claims is in accord with the governing law and is AFFIRMED.

BUETTNER, C.J., concurs; and HANSEN, J., concurs in part, dissents in part.