2012 OK 98

**INDEPENDENT SCHOOL DISTRICT NO. 5 OF TULSA COUNTY, Oklahoma, a/k/a Jenks Public Schools, and Independent School District No. 9 of Tulsa County, Oklahoma, a/k/a Union Public Schools, Plaintiffs/Appellees,**

v.

**Russell SPRY, Stephanie Spry, Tim Tylicki, Kimberley Tylicki, Tim Fisher, Kristen Fisher, Stephan Kipskind, Stephanie Hipskind, Jerry Sneed, and Shanna Sneed, Defendants/Appellants.**

Nos. 110694, 110693.

Supreme Court of Oklahoma.

Nov. 20, 2012.

### ORDER

¶ 1 The school districts argued that the Act was unconstitutional because it violated several provisions of the Oklahoma Constitution. Oral argument was requested and a multitude of allegedly interested parties filed *amicus curiae* briefs. Because the school districts lack standing/justiciable issues to sue parents of students for the issuance of state

---

dollars from the State Department of Education to the parents for payments to private schools, we deny the motion for oral argument and deny all applications for *amicus curiae* briefs.

¶ 2 Standing has traditionally been defined as whether a party has sufficient interest in an otherwise justiciable controversy to obtain judicial resolution of the controversy.[1] This Court has held that standing to raise issues in a proceeding must be predicated on interest that is direct, immediate, and substantial.[2] To establish standing, the plaintiff must show: 1) a concrete, particularized, actual or imminent injury in fact; 2) a causal connection between the injury and the alleged misconduct; and 3) a protected interest within a statutorily or constitutionally protected zone.[3]

¶ 3 Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion.[4] This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial."[5] Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself.[6] The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome.[7]

¶ 4 The funds at issue are not taxes from taxpayers in the districts' county revenue streams that a county assessor is improperly reducing or disposing of, but part of the Legislature's general grant to the districts, through the State Department of Education. Because the school districts are not the ones charged with the duty to provide free public education, the Legislature's withholding of certain funds, even if it is unconstitutional, does not violate a constitutionally protected interest of the school districts themselves, because they are merely the Legislature's vehicle.

¶ 5 The school districts are not taxpayers themselves, whom this Court has long recognized have a right to challenge the illegal expenditure of public funds. *Fent v. Contingency Review Board*, 2007 OK 27, ¶ 8, 163 P.3d 512, is direct and clear in stating that a taxpayer's challenge to the constitutionality of legislation affecting the use of public funds is a matter of public right. Pursuant to the teachings of *Oklahoma Educ. Ass'n v. State ex rel. Oklahoma Legislature*, 2007 OK 30, 158 P.3d 1058 and *Indep. School Dist. No. 9 of Tulsa County v. Glass*, 1982 OK 2, 639 P.2d 1233, the parents are clearly not the proper parties against whom to assert these constitutional challenges. We hold that the school districts have neglected to meet the threshold standing requirement for constitutional challenges.

1. *Flast v. Cohen*, 392 U.S. 83, 100, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947, 961 (1968); *Estate of Doan v. First Nat'l Bank and Trust Co. of Tulsa*, 1986 OK 15, ¶ 7, 727 P.2d 574; *Indep. School Dist. No. 9 of Tulsa County v. Glass*, 1982 OK 2, ¶ 8, 639 P.2d 1233. Stated another way, standing is the right to commence litigation, to take the initial step that frames legal issues for ultimate adjudication. *State ex rel. Cartwright v. Oklahoma Tax Comm'n*, 1982 OK 146, ¶ 6, 653 P.2d 1230.

2. *Estate of Doan v. First Nat'l Bank and Trust Co. of Tulsa*, see note 1, supra; *Democratic Party of Oklahoma v. Estep*, 1982 OK 106, ¶ 7, 652 P.2d 271; *Underside v. Lathrop*, 1982 OK 57, ¶ 7, 645 P.2d 514.

3. *Oklahoma Educ. Ass'n v. State ex rel. Oklahoma Legislature*, 2007 OK 30, ¶ 7, 158 P.3d 1058; *Indep. School Dist. No. 9 of Tulsa County v. Glass*, see note 1, supra at ¶ 10. The proper inquiry concerning standing is whether the plaintiff has in fact suffered injury to a legally protected interest as contemplated by statutory or constitutional provisions. If he has not, standing does not exist, and the case requires dismissal. If standing exists, then the case must proceed on the merits. *Indep. Sch. Dist. No. 9 of Tulsa County v. Glass*, see note 1, supra at ¶ 10.

4. *Wells Fargo Bank, N.A. v. Heath*, 2012 OK 54, 280 P.3d 328; *Fent v. Contingency Review Board*, 2007 OK 27, ¶ 8, 163 P.3d 512; *Estate of Doan v. First Nat'l Bank and Trust Co. of Tulsa*, see note 1, supra.

5. *Wells Fargo Bank, N.A. v. Heath*, see note 4, supra.

6. *Wells Fargo Bank, N.A. v. Heath*, see note 4, supra.

7. *Wells Fargo Bank, N.A. v. Heath*, see note 4, supra.

**DONE BY ORDER OF THE SUPREME COURT THIS 19TH DAY OF NOVEMBER, 2012.**

/s/ VICE, Chief Justice.

COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, REIF, COMBS, GURICH, JJ., concur.

TAYLOR, C.J., and EDMONDSON, J., dissent.

EDMONDSON, J., with whom TAYLOR, C.J., joins, dissenting.

The constitutional issue has been fairly joined. I would decide the issue.