2014 OK CIV APP 68

**Ami DUBOSE,
Plaintiff/Appellant/Counter–Appellee,**

v.

**Tracy NORTH,
Defendant/Appellee/Counter–Appellant.**

**No. 112378.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 20, 2014.

Brady R. Henderson, ACLU of Oklahoma Foundation, Oklahoma City, Oklahoma, for Plaintiff/Appellant/Counter–Appellee.

Candee R. Wilson, Wilson Law Office, Norman, Oklahoma, for Defendant/Appellee/Counter–Appellant.

KENNETH L. BUETTNER, Judge:

¶1 Plaintiff/Appellant/Counter–Appellee Ami Dubose appeals the trial court's order dismissing her Application for Temporary Order for Support, Custody and Visitation based on lack of standing. Dubose argues that she has standing to seek an adjudication of her parentage under the Uniform Parentage Act. The UPA clearly states who can bring and join a proceeding to adjudicate parentage and Dubose does not meet the statutory requirement of being the mother of the child or a man. After *de novo* review, we find Dubose does not have a legally-protected interest. Accordingly, Dubose lacks standing to maintain the suit. Affirmed.

¶2 Dubose and Defendant/Appellee/Counter–Appellant Tracy North began cohabiting in a same-sex relationship in 2001. North became pregnant through artificial insemination and gave birth October 11, 2007. Dubose was present throughout the pregnancy and at the child's birth. Dubose and North co-parented the child from his birth in 2007 until December 2012. Dubose alleged that due to concerns regarding the then current United States Military policy of "Don't Ask, Don't Tell," and the potential impact on their careers, the parties did not enter into any type of co-parenting agreement. In December 2012, the parties separated. In February 2013, North stopped all contact, access and visitation between Dubose and the child.

¶3 On September 26, 2013, Dubose filed an Application for Temporary Order for Support, Custody and Visitation.[1] On October 8, 2013, North filed a Motion to Dismiss alleging Dubose lacked standing, the Court lacked subject matter jurisdiction, and the application was barred under the applicable statute of limitations, citing 10 O.S.2011 § 7700–607(A). In response, Dubose argued she had

---

1. Dubose alleges that in April 2013, North filed a Petition for Protective Order in McClain County District Court, in which North alleged that Dubose's attempts to visit and contact the minor child constituted stalking and harassment. Dubose alleges the case is still pending.

standing and that the two-year statute of limitations was not applicable to this case because the statute of limitations applies only to actions to disprove the presumed father's paternity. After hearing arguments October 28, 2013, the trial court announced from the bench that North's motion to dismiss was sustained due to the fact that Dubose lacked standing.

¶4 We review *de novo* the trial court's decision. In reviewing a pretrial motion to dismiss for lack of standing, we "must construe the petition in favor of the complaining party." *See Okla. Educ. Ass'n v. State ex rel. Okla. Legislature*, 2007 OK 30, ¶ 10, 158 P.3d 1058. Three elements must be satisfied to have standing:

> (1) a legally protected interest which must have been injured in fact-*i.e.*, an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained of conduct, and (3) a likelihood, as opposed to mere speculation, that the injury will be redressed by a favorable decision.

*Cities Serv. Co. v. Gulf Oil Corp.*, 1999 OK 16, ¶ 3, 976 P.2d 545.

¶5 The parties dispute whether Dubose has rights as a parent under the Uniform Parentage Act, 10 O.S.2011 § 7700–103. The UPA applies to determination of parentage in the State of Oklahoma and "does not create, enlarge, or diminish parental rights or duties under other laws of this state." *See* 10 O.S.2011 § 7700–103(C).

¶6 Dubose argues that she has a legally protected interest as a parent under the UPA and relies on a gender-inclusive interpretation of the UPA. The UPA provides that a proceeding to adjudicate parentage may be maintained by:

> (1) the child, (2) the mother of the child, (3) a man whose paternity of the child is to be adjudicated, (4) the Department of Human Services, or (5) a representative authorized by law to act for an individual who would otherwise be entitled to maintain a proceeding but who is deceased, incapacitated, or a minor.

*See* 10 O.S.2011 § 7700–602. Additionally, the next section states who may be joined to a proceeding to adjudicate parentage, "(1) the mother of the child; and (2) a man whose paternity of the child is to be adjudicated." Section 7700–102 states that "man means a male individual of any age." This section succinctly defines the meaning of man with regard to the UPA. Dubose is a female who is not the mother of the minor child. Accordingly, Dubose lacks standing to maintain this suit to adjudicate parentage.

¶7 Dubose argues that the UPA, specifically the portions of the statute dealing with the interpretation of *man* and *presumed father* should be read according to 25 O.S.2011 § 24 which states "words used in the masculine gender include the feminine and neuter." Although this is a creative argument, 25 O.S. 2011 § 1 states that "words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." Here, there is no contrary intention that appears in the UPA. Sections 7700–602 and 7700–603 of the UPA clearly state, with no apparent contrary intention, who may bring and join a proceeding to adjudicate parentage.

¶8 North has filed a Cross–Petition in Error challenging the trial court's finding that the two-year statute of limitations did not apply to Dubose's attempt to adjudicate parentage. The UPA provides, in pertinent part, "except as otherwise provided in subsection B of this section, a proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than two (2) years after the birth of the child." *See* 10 O.S.2011 § 7700–607.

¶9 Subsection B of § 7700–607 states that "a proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time in accordance with Section 7700–608 of this title if the court, prior to an order disproving the father-child relationship, determines that: (1) the presumed father and the mother of the child neither cohabited nor engaged in sexual intercourse with each other during the probable time of conception;

and (2) the presumed father never openly held out the child as his own."

¶ 10 The UPA defines presumed father as "a man who, by operation of law under Section 8 of this act, is recognized as the father of a child until that status is rebutted or confirmed in a judicial proceeding." 10 O.S. 2011 § 7700–102. As previously stated, Dubose is not a man and therefore is not a presumed father. When the statute is read in its entirety, Subsection A applies to a proceeding brought by a "presumed father ... or another individual to adjudicate the parentage of a child having a presumed father." Dubose argues that this statute is inapplicable to the suit because Subsection B only serves to deprive another individual of

the ability to disprove or terminate Dubose's relationship with the child after October 2009.[2] It is undisputed that Dubose filed this action more than two years after the birth of the minor child. We hold that § 7700–607 is not applicable to Dubose.[3]

¶ 11 AFFIRMED.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.

---

2. The applicable statute of limitations expired in October 2009.

3. If Dubose brought the suit as a *man* and *presumed father* according to the prescribed language of the UPA, the suit would be barred by the statute of limitations. Both parties agree that Dubose filed this lawsuit more than two years since the minor child was born. Therefore, even if Dubose was a man, she would still be barred from bringing this suit.